```
G63nperc
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4            v.                              16 Cr. 354 (KBF)
5  HAMLET PERALTA,
6            Defendant.
7  ------------------------------x
                                           New York, New York
8                                          June 3, 2016
9                                          9:35 a.m.

Before:

              HON. KATHERINE B. FORREST,

                                           District Judge

                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  RUSSELL CAPONE
     KAN MIN NAWADAY
     Assistant United States Attorneys

CESAR DeCASTRO
     Attorney for Defendant

1              (Case called).
2              MR. CAPONE:  Russell Capone, for the government.  With
3    me at counsel table is assistant U.S. attorney Kan Nawaday,
4    and, with the Court's permission Eric Koenigsberg, who is an
5    intern for the government.
6              Good morning, your Honor.
7              THE COURT:  Good morning, all.
8              MR. DeCASTRO:  Good morning, your Honor.  Cesar
9    DeCastro for Hamlet Peralta and Mr. Peralta is seated to my
10   left.
11             THE COURT:  Good morning to both of you.
12             I understand that Mr. Peralta has already been
13   presented and we are here today for the arraignment and
14   pretrial conference.
15             Do I have that right?
16             MR. CAPONE:  That is right, your Honor.
17             THE COURT:  All right.  Let's go ahead and do that.
18   We will start with the arraignment.
19             Mr. Peralta, have you had the opportunity to review
20   the indictment that contains the charges against you?
21             THE DEFENDANT:  Yes, your Honor.
22             THE COURT:  Have you had a chance to speak with
23   Mr. DeCastro about the charge against you?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Do you understand that you are charged

1    with one count of wire fraud?
2             THE DEFENDANT:  Yes, I do.
3             THE COURT:  Would you like me to read to you here now
4    in open court the indictment?
5             THE DEFENDANT:  I don't believe it is necessary.
6             THE COURT:  All right.  How do you plead, sir, to the
7    count of wire fraud?
8             Guilty or not guilty?
9             THE DEFENDANT:  Not guilty.
10            THE COURT:  All right.  Thank you, sir.
11            Why don't you telling me, Mr. Capone, about the
12   discovery in this case, what it consists of, what your schedule
13   is, and we will talk then about how we are going to proceed.
14            MR. CAPONE:  Yes, your Honor.  The discovery is fairly
15   voluminous.  It consists of --
16            THE COURT:  You don't have to lean into it too much.
17   If we have done it right, these should actually pick up our
18   voices with normal stature.
19            MR. CAPONE:  Very good.
20            So the discovery is fairly voluminous.  There were
21   about, I think, four to five months of wiretaps on the
22   defendant's phone, and so there are thousands of calls, some of
23   them in Spanish, as well as the applications for the wiretaps.
24            THE COURT:  The applications not in Spanish, but you
25   are saying that is an additional category of discovery?

G63nperc

1            MR. CAPONE:  Yes, your Honor.
2            THE COURT:  All right.
3            MR. CAPONE:  There are thousands of e-mails as well
4    pursuant to search warrants.
5            THE COURT:  Search of the defendant's business, home,
6    both?  Other places?
7            MR. CAPONE:  No, these are search warrants on e-mails,
8    your Honor.
9            THE COURT:  I'm sorry.  From the ISP?
10           MR. CAPONE:  Yes, your Honor.
11           THE COURT:  OK.
12           MR. CAPONE:  Exactly.
13       There are many, many bank records as well that sort of
14   detail the incoming and outgoing transfers.
15       There are business records, there are records from
16   some of the investors at issue, and there are records from some
17   liquor companies.  I think those are the principal categories
18   of discovery.  We can begin rolling that out next week.
19           THE COURT:  So give me a sense of the size of the
20   discovery if we were to put to the, put to one side the
21   wiretaps.  So, taking the wiretaps as a discrete category and
22   thinking of everything else, is it one box?  Is it terabytes?
23   How much are we talking about?
24           MR. CAPONE:  I think, given the e-mails, your Honor,
25   it would be many boxes, because I think there are at least

G63nperc

1   30,000 e-mails.  Not all of them are pertinent, but they
2   probably all should be reviewed by defense counsel, so I think
3   it would be many boxes.
4             THE COURT:  So is that all maintained electronically,
5   or is it going to be in paper form.
6             MR. CAPONE:  Electronically.
7             THE COURT:  Is it going to be electronically in a PDF,
8   in a TIF image, or is it electronically as you received it from
9   the ISP?
10            MR. CAPONE:  We can do it in a couple of ways, and
11  I'll work with Mr. DeCastro on that.  We could do TIFs or we
12  could provide it to him in a certain load file if he has the
13  relevant software to review it more easily.
14            THE COURT:  All right.  You said you are going to
15  start rolling it out --
16            MR. CAPONE:  Next week, and we would request 30 days
17  to finish discovery.
18            THE COURT:  OK.
19            So you would start it the week of June 6 and you would
20  complete it July 8?
21            MR. CAPONE:  That would be great, your Honor.
22            THE COURT:  All right.  I am just writing this down.
23            If you are not going to make that date, Mr. Capone,
24  would you let the Court know.
25            MR. CAPONE:  Of course, your Honor.

1      THE COURT:  And the date that I'm referring to there
2  is the July 8 completion-by date.
3      All right.  I take it that you will start rolling the
4  discovery out.  Where in the roll are the wires going to be so
5  that Mr. DeCastro can start to look at some of the more
6  voluminous pieces of discovery.
7      MR. CAPONE:  Yes, your Honor, I think those would be
8  among the first things that we produce.
9      THE COURT:  Mr. DeCastro, turning to you, you are
10 going to have everything in hand by July 8, but during the
11 month of June you are going to have the more voluminous
12 materials to start looking at things.  Would it be useful to
13 come back at the end of July and you can talk to me then about
14 motions that you might have?
15     MR. DeCASTRO:  Yes.  I think that would be pretty
16 useful, Judge.  I suspect that I can at least update you and
17 update you on whether I have motions or how I'm doing getting
18 through it, if there's ever -- I have noticed sometimes there
19 is a bump in the road in terms of review, but that would be
20 great, the end of July.
21     THE COURT:  Joe, what do we have at the end of July?
22     THE DEPUTY CLERK:  July 26 at 1 o'clock.
23     THE COURT:  Does that work for you, folks.  July 26 at
24 1 p.m.?
25     MR. CAPONE:  It works for me, your Honor.  Yes.

1             MR. DeCASTRO:  Double checking, Judge.  One sec.
2             What time?
3             THE COURT:  1 p.m.
4             MR. DeCASTRO:  Yes.  That's perfect.
5             THE COURT:  We will have a meeting at that point where
6    we will talk about -- my hope would be to talk about whether
7    there are going to be motions.  The motions wouldn't be due on
8    that day, but we would talk about whether there are going to be
9    any.
10            If you hit any significant bumps in the road, let my
11   deputy know, because if it makes sense to bump that conference
12   by a week or two weeks in order to get us there, then we can do
13   that.
14            MR. DeCASTRO:  Judge, I would think that on that day I
15   would be able to tell you what motions I have.
16            THE COURT:  All right.  Terrific.
17            Let's talk about -- which is another thing I try to do
18   during those these conferences.  If it's a somewhat complex
19   case, I try to get us to figure out how much time right now the
20   government anticipates a trial would take and whether or not it
21   makes sense to block time on people's calendars really pretty
22   far down the road.  I mean, however far -- I mean, if we want
23   to do this late fall, we can do a trial late fall, if we want
24   to do a trial very early in the winter we can do that, too.
25            Let me know what you're thinking.

G63nperc

1           Mr. Capone?

2           MR. CAPONE:  Your Honor, I think a trial would
3    probably be about two weeks in this case.

4           THE COURT:  All right.

5           Mr. DeCastro, do you have a view now with your
6    client -- we can set this at the end of July -- whether your
7    client is going to want to proceed very quickly, in which case,
8    we'll get that on calendar right away, or whether or not you
9    are going to want to proceed early winter.  Give me a sense of
10   what you're thinking so we can determine whether it's useful to
11   block the time right now.

12          MR. DeCASTRO:  Perhaps I can suggest the following.
13   On my agenda today was to advise the Court that we were going
14   to seek a bail determination from your Honor.  We would do that
15   in writing.

16          I'm hoping to try to do that early next week,
17   depending on all the different balls in the air in terms of the
18   package I would propose.  I have advised the government of
19   that.

20          Maybe if it makes sense that we set a date for that
21   date to come back and discuss bail that we can then talk about
22   whether we are going to block.  Certainly I have a pretty busy
23   trial schedule, but if he is incarcerated I obviously would
24   like it sooner rather than later.

25          If he is out on bail and able to assist me from New

1  York City, outside, then I will have a different probably
2  opinion.
3          THE COURT:  All right.  I think that is a very
4  reasonable way to proceed.  So let's set a time for a bail
5  application next week.  At that time, we will have counsel here
6  in any event, we will set a trial date, and we will know what
7  we are aiming at.
8          Now, with that said, as we all know, I don't know what
9  the bail application is going to consist of.  I have not looked
10 at or heard from anybody on any of the issues associated with
11 such an application.  But just as sort of a marker down, even
12 if you were granted bail, bail could later on end up being
13 revoked for any number of reasons.
14         MR. DeCASTRO:  Sure.
15         THE COURT:  So it is not guaranteed that he would out
16 the entire time.  Everybody should have that in mind.  So once
17 we set a trial date, that would be the trial date.
18         All right.
19         Joe, what do we have for a bail application next week?
20         THE DEPUTY CLERK:  Wednesday, June 8, at noon.
21         THE COURT:  Does that work, June 8, Wednesday at noon.
22         MR. CAPONE:  Would it be possible to do Thursday, your
23 Honor?
24         THE COURT:  I think so.
25         THE DEPUTY CLERK:  Thursday, June 9, at 1 p.m.

G63nperc

1           THE COURT:  June 9, 1 p.m.
2           MR. DeCASTRO:  That's good for us.
3           THE COURT:  All right.
4           Mr. DeCastro, when can you get in your written
5    submission?  Can you get it in Tuesday, end of day.
6           MR. DeCASTRO:  Yes.
7           THE COURT:  That way the government can put in
8    something on Wednesday.
9           MR. CAPONE:  Yes, your Honor.  There may be sort of a
10   cross-appeal.  The defendant was granted bail, but it is bail
11   that I understand he cannot meet, so the government may also be
12   seeking to revoke the bail order and a permanent order of
13   detention.
14          THE COURT:  I see.  So he was originally granted bail,
15   but there are conditions that he is just unable to meet at this
16   time?
17          MR. CAPONE:  Yes, your Honor.
18          THE COURT:  OK.  So if there is going to be a cross,
19   then that's fine.  You can still put in your papers,
20   Mr. Capone, on Wednesday.  Then we will allow people to address
21   any arguments they want to make on Thursday.
22          So, in other words, Mr. DeCastro you will be able to
23   address the cross-appeal, but it is all going to be the same
24   issues.
25          MR. DeCASTRO:  Yes.

G63nperc

1      THE COURT:  OK.  So that's going to be Thursday at --
2   Joe, what time did we say?
3      THE DEPUTY CLERK:  1 o'clock.
4      THE COURT:  So June 9 at 1 p.m.  All right.
5      Mr. DeCastro will have his papers in on the 7 th and
6   the government will have their papers in on the 8th, end of
7   day.
8      MR. CAPONE:  Your Honor, would you like us to arrange
9   for pretrial to be present on Thursday?
10      THE COURT:  Yes.  Thank you very much.
11      And did they prepare their normal report?
12      MR. CAPONE:  They did, Judge.
13      THE COURT:  They did, OK.
14      I don't know if they will have any update or if that's
15   just the same, but whatever is current I would like to receive
16   also, maybe as an attachment to the government's papers.  I can
17   get it from pretrial, too, or an attachment to Mr. DeCastro's.
18   However you folks want to get it before me.
19      OK.  What else should we do today?
20      MR. DeCASTRO:  Other than, I believe, an application
21   to exclude time, nothing else, which I might as well short
22   circuit a little.  We consent to that.
23      THE COURT:  Mr. Capone, are you going to make such an
24   application?
25      MR. CAPONE:  Yes, your Honor, in order for the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G63nperc

1  defendant to review discovery and contemplate motions.
2        THE COURT:  The Court does find that it is in the
3  interest of interest to prospectively exclude time between
4  today's date and why don't we say July 26, 2016, to allow the
5  defendant to review the voluminous discovery with his lawyer
6  and to discuss strategy with his lawyer and whether any motions
7  may be appropriate and that those interests are in the
8  interests of justice and outweigh the interests of the
9  defendant and the public in a speedy trial.  So that time is
10 prospectively excluded.
11       Anything further?
12       MR. CAPONE:  No.  Thank you, your Honor.
13       THE COURT:  All right.  Thank you.
14       We are adjourned.
15       (Adjourned)